# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CHILDTIME CHILDCARE, INC., an unknown business entity;<br>LEARNING CARE GROUP, an unknown business entity; and DOES 1<br>through 100, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>KAREN MORGAN; individually, and on behalf of other members of the<br>general public similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**08/17/2017** at 08:46:24 PM<br>Clerk of the Superior Court<br>By Sarah Loose, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Orange County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2017-00938444-CU-OE-CXC |
| Civil Complex Center<br>751 West Santa Ana Boulevard, Santa Ana, California 92701 | Judge Thierry Patrick Colaw |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone (818) 265-1020

| | | |
|---|---|---|
| DATE:   08/17/2017<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court<br>Clerk, by   *Alonse*<br>*(Secretario)* | , Deputy<br>*(Adjunto)*<br>Sarah Loose |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **CHILDTIME CHILDCARE, INC.,**
   an unknown business entity

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit A  Page 16

1  Edwin Aiwazian (SBN 232943)
2  **LAWYERS** *for* **JUSTICE, PC**
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
   Tel: (818) 265-1020 / Fax:  (818) 265-1021
4
   Douglas Han (SBN 232858)
5  **JUSTICE LAW CORPORATION**
   411 North Central Avenue, Suite 500
6  Glendale, CA 91203
   Tel:  (818) 230-7502 / Fax:  (818) 230-7259
7
   *Attorneys for* Plaintiff
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/17/2017** at 06:46:24 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

*(left margin, vertical text)* **LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   **FOR THE COUNTY OF ORANGE**

10  KAREN MORGAN; individually, and on
11  behalf of other members of the general public
    similarly situated,
12
            Plaintiff,
13
        vs.
14
    CHILDTIME CHILDCARE, INC., an unknown
15  business entity; LEARNING CARE GROUP,
    an unknown business entity; and DOES 1
16  through 100, inclusive,
17
            Defendants.
18
19
20
21
22
23
24
25
26
27
28

Case No.:  30-2017-00938444-CU-OE-CXC
Judge Thierry Patrick Colaw
CX105

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1)  Violation of California Labor Code
     §§ 510 and 1198 (Unpaid
     Overtime);
(2)  Violation of California Labor Code
     §§ 226.7 and 512(a) (Unpaid Meal
     Period Premiums);
(3)  Violation of California Labor Code
     § 226.7 (Unpaid Rest Period
     Premiums);
(4)  Violation of California Labor Code
     §§ 1194, 1197, and 1197.1 (Unpaid
     Minimum Wages);
(5)  Violation of California Labor Code
     §§ 201 and 202 (Final Wages Not
     Timely Paid);
(6)  Violation of California Labor Code
     § 204 (Wages Not Timely Paid
     During Employment);
(7)  Violation of California Labor Code
     § 226(a) (Non-Compliant Wage
     Statements);
(8)  Violation of California Labor Code
     § 1174(d) (Failure To Keep
     Requisite Payroll Records);
(9)  Violation of California Labor Code
     §§ 2800 and 2802 (Unreimbursed
     Business Expenses);
(10) Violation of California Business &
     Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   COMES NOW, Plaintiff KAREN MORGAN ("Plaintiff"), individually, and on behalf

2   of other members of the general public similarly situated, and alleges as follows:

3   <u>**JURISDICTION AND VENUE**</u>

4   1.   This class action is brought pursuant to the California Code of Civil Procedure

5   section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial. The

7   "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8   restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9   seventy-five thousand dollars ($75,000).

10   2.   This Court has jurisdiction over this action pursuant to the California

11   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

12   all other causes" except those given by statute to other courts. The statutes under which this

13   action is brought do not specify any other basis for jurisdiction.

14   3.   This Court has jurisdiction over Defendants because, upon information and

15   belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16   or otherwise intentionally avail themselves of the California market so as to render the

17   exercise of jurisdiction over them by the California courts consistent with traditional notions

18   of fair play and substantial justice.

19   4.   Venue is proper in this Court because, upon information and belief, Defendants

20   maintain offices, have agents, and/or transact business in the State of California, County of

21   Orange. The majority of the acts and omissions alleged herein relating to Plaintiff and the

22   other class members took place in the State of California, including the County of Orange.

23   <u>**PARTIES**</u>

24   5.   Plaintiff KAREN MORGAN is an individual residing in the State of California.

25   6.   Defendant CHILDTIME CHILDCARE, INC., at all times herein mentioned,

26   was and is, upon information and belief, an employer whose employees are engaged

27   throughout the State of California, including the County of Orange.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.     Defendant LEARNING CARE GROUP, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Orange.

8.     At all relevant times, Defendant CHILDTIME CHILDCARE, INC. and LEARNING CARE GROUP were the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

9.     At all times herein relevant, Defendant CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.     Defendant CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

3

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

14. The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

15. Plaintiff reserves the right to establish subclasses as appropriate.

16. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  expended for the prosecution of this action for the substantial benefit of

2  each class member.

3  d.  Superiority: A class action is superior to other available methods for the

4  fair and efficient adjudication of this litigation because individual joinder

5  of all class members is impractical.

6  e.  Public Policy Considerations: Certification of this lawsuit as a class

7  action will advance public policy objectives. Employers of this great

8  state violate employment and labor laws every day. Current employees

9  are often afraid to assert their rights out of fear of direct or indirect

10  retaliation. However, class actions provide the class members who are

11  not named in the complaint anonymity that allows for the vindication of

12  their rights.

13  17.  There are common questions of law and fact as to the class members that

14  predominate over questions affecting only individual members. The following common

15  questions of law or fact, among others, exist as to the members of the class:

16  a.  Whether Defendants' failure to pay wages, without abatement or

17  reduction, in accordance with the California Labor Code, was willful;

18  b.  Whether Defendants' had a corporate policy and practice of failing to

19  pay their hourly-paid or non-exempt employees within the State of

20  California for all hours worked, missed meal periods and rest breaks in

21  violation of California law;

22  c.  Whether Defendants required Plaintiff and the other class members to

23  work over eight (8) hours per day and/or over forty (40) hours per week

24  and failed to pay the legally required overtime compensation to Plaintiff

25  and the other class members;

26  d.  Whether Defendants deprived Plaintiff and the other class members of

27  meal and/or rest periods or required Plaintiff and the other class

28  members to work during meal and/or rest periods without compensation;

e.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.   Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.   Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.   Whether Defendants' conduct was willful or reckless;

l.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

18.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Orange.

19.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately March 2013 to approximately January 2016, in the State of California, County of Orange.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

21.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

7

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime, minimum wages, meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

· 8 ·

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  complete and accurate wage statements in accordance with California law, but, in fact, they

2  did not receive complete and accurate wage statements from Defendants. The deficiencies

3  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

4  other class members.

5       35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6  knew or should have known that Defendants had to keep complete and accurate payroll

7  records for Plaintiff and the other class members in accordance with California law, but, in

8  fact, did not keep complete and accurate payroll records.

9       36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Plaintiff and the other class members were entitled to

11  reimbursement for necessary business-related expenses.

12       37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

13  knew or should have known that they had a duty to compensate Plaintiff and the other class

14  members pursuant to California law, and that Defendants had the financial ability to pay such

15  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

16  represented to Plaintiff and the other class members that they were properly denied wages, all

17  in order to increase Defendants' profits.

18       38.    At all material times set forth herein, Defendants failed to pay overtime wages

19  to Plaintiff and the other class members for all hours worked. Plaintiff and the other class

20  members were required to work more than eight (8) hours per day and/or forty (40) hours per

21  week without overtime compensation.

22       39.    At all material times set forth herein, Defendants failed to provide the requisite

23  uninterrupted meal and rest periods to Plaintiff and the other class members.

24       40.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

25  other class members at least minimum wages for all hours worked.

26       41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

27  other class members all wages owed to them upon discharge or resignation.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    42.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

2  other class members all wages within any time permissible under California law, including,

3  *inter alia*, California Labor Code section 204.

4    43.    At all material times set forth herein, Defendants failed to provide complete or

5  accurate wage statements to Plaintiff and the other class members.

6    44.    At all material times set forth herein, Defendants failed to keep complete or

7  accurate payroll records for Plaintiff and the other class members.

8    45.    At all material times set forth herein, Defendants failed to reimburse Plaintiff

9  and the other class members for necessary business-related expenses and costs.

10    46.    At all material times set forth herein, Defendants failed to properly compensate

11  Plaintiff and the other class members pursuant to California law in order to increase

12  Defendants' profits.

13    47.    California Labor Code section 218 states that nothing in Article 1 of the Labor

14  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

15  due to him [or her] under this article."

16                        **FIRST CAUSE OF ACTION**

17              **(Violation of California Labor Code §§ 510 and 1198)**

18          **(Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,**

19                        **and DOES 1 through 100)**

20    48.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

21  through 47, and each and every part thereof with the same force and effect as though fully set

22  forth herein.

23    49.    California Labor Code section 1198 and the applicable Industrial Welfare

24  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

25  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

26  rate of pay, depending on the number of hours worked by the person on a daily or weekly

27  basis, including any incentive pay.

28  ///

50.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

51.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

52.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

53.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

54.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating the overtime rate.

55.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

56.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,

### and DOES 1 through 100)

57.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

59.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

61.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive

12

1    their legally-mandated meal periods by mutual consent, were required to work for periods

2    longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

3    minutes and/or rest period.

4         63.    During the relevant time period, Plaintiff and the other class members who were

5    scheduled to work for a period of time in excess of six (6) hours were required to work for

6    periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

7    (30) minutes and/or rest period.

8         64.    During the relevant time period, Defendants intentionally and willfully required

9    Plaintiff and the other class members to work during meal periods and failed to compensate

10   Plaintiff and the other class members the full meal period premium for work performed during

11   meal periods.

12        65.    During the relevant time period, Defendants failed to pay Plaintiff and the other

13   class members the full meal period premium due pursuant to California Labor Code section

14   226.7.

15        66.    Defendants' conduct violates applicable IWC Wage Order and California Labor

16   Code sections 226.7 and 512(a).

17        67.    Pursuant to applicable IWC Wage Order and California Labor Code section

18   226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

19   additional hour of pay at the employee's regular rate of compensation for each work day that

20   the meal or rest period is not provided.

21                        **THIRD CAUSE OF ACTION**

22                    **(Violation of California Labor Code § 226.7)**

23           **(Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,**

24                         **and DOES 1 through 100)**

25        68.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

26   through 67, and each and every part thereof with the same force and effect as though fully set

27   forth herein.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

69. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

70. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

71. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

72. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

73. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

74. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

75. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

76. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,**

**and DOES 1 through 100)**

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

79.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

80.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

82.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,

### and DOES 1 through 100)

83. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

86. Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

87. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

88. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### SIXTH CAUSE OF ACTION

#### (Violation of California Labor Code § 204)

#### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,

#### and DOES 1 through 100)

89.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

91.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

92.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

93.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

94.   Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,

### and DOES 1 through 100)

95.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.   Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

98.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

99.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

100.    Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

101.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP, and DOES 1 through 100)

102.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 101, and each and every part thereof with the same force and effect as though fully set forth herein.

103.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

104.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Exhibit A  Page 35

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

105.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

106.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP, and DOES 1 through 100)

107.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

109.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

110.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

111.   Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against CHILDTIME CHILDCARE, INC., LEARNING CARE GROUP,

### and DOES 1 through 100)

112.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

114.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

115.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

116.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

Exhibit A  Page 87

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

117.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

118.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel; and

4.   That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.  For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.  For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.  That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.  That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.  For all actual, consequential, and incidental losses and damages, according to proof;

13.  For premium wages pursuant to California Labor Code section 226.7(b);

14.  For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.  For reasonable attorneys' fees and costs of suit incurred herein; and

16.  For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17.  That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.  That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-24

32.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.   For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

35.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.   For all actual, consequential, and incidental losses and damages, according to proof;

37.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.   For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

39.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.   For actual, consequential and incidental losses and damages, according to proof;

41.   For statutory penalties pursuant to California Labor Code section 226(e);

42.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.   For such other and further relief as the court may deem just and proper.

### As to the Eighth Cause of Action

44.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  for Plaintiff and the other class members as required by California Labor Code section

2  1174(d);

3       45.   For actual, consequential and incidental losses and damages, according to proof;

4       46.   For statutory penalties pursuant to California Labor Code section 1174.5; and

5       47.   For such other and further relief as the court may deem just and proper.

6  <u>**As to the Ninth Cause of Action**</u>

7       48.   That the Court declare, adjudge and decree that Defendants violated California Labor Code

8  sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members

9  for all necessary business-related expenses as required by California Labor Code sections 2800

10  and 2802;

11       49.   For actual, consequential and incidental losses and damages, according to proof;

12       50.   For the imposition of civil penalties and/or statutory penalties;

13       51.   For reasonable attorneys' fees and costs of suit incurred herein;

14       52.   For such other and further relief as the Court may deem just and proper.

15  <u>**As to the Tenth Cause of Action**</u>

16       53.   That the Court decree, adjudge and decree that Defendants violated California

17  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

18  other class members all overtime compensation due to them, failing to provide all meal and

19  rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

20  Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

21  wages timely as required by California Labor Code section 201, 202 and 204, and by violating

22  California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23       54.   For restitution of unpaid wages to Plaintiff and all the other class members and

24  all pre-judgment interest from the day such amounts were due and payable;

25       55.   For the appointment of a receiver to receive, manage and distribute any and all

26  funds disgorged from Defendants and determined to have been wrongfully acquired by

27  Defendants as a result of violation of California Business and Professions Code sections

28  17200, et seq.;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26

56.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.   For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.   For such other and further relief as the court may deem just and proper.

Dated: August 17, 2017                                    LAWYERS *for* JUSTICE, PC

By: _____

Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE, PC<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020      FAX NO.: (818) 265-1021<br>ATTORNEY FOR *(Name)*: Plaintiff Karen Morgan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**08/17/2017** at 06:46:24 PM<br>Clerk of the Superior Court<br>By Sarah Loose,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
  STREET ADDRESS: 751 W. Santa Ana Blvd.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, 92701
  BRANCH NAME: Civil Complex Center

| CASE NAME:<br>Morgan vs. Childtime Childcare, Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2017-00938444-CU-OE-CXC |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Thierry Patrick Colaw<br>DEPT: CX105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 10
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2017
Edwin Aiwazian

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A  Page 44