1  Edwin Aiwazian (Cal. State Bar No. 232943)
       *edwin@lfjpc.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
       *arby@lfjpc.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
       *joanna@lfjpc.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6
   Douglas Han (Cal. State Bar No. 232858)
7      *dhan@justicelawcorp.com*
   **JUSTICE LAW CORPORATION**
8  751 North Fair Oaks Avenue, Suite 101
   Pasadena, California 91103
9  Tel: (818) 230-7502 / Fax: (818) 230-7259

10  *Attorneys for* Plaintiff

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  KAREN MORGAN; individually,          Case No.: 8:17-CV-01641-AG-KES
    and on behalf of other members of
14  the general public similarly situated,   Honorable Andrew J. Guilford
    and on behalf of other aggrieved         Courtroom 10D
15  employees pursuant to the California
    Private Attorneys General Act,           **CLASS ACTION**
16
                    Plaintiff,               **PLAINTIFF'S NOTICE OF MOTION
17                                           AND MOTION FOR PRELIMINARY
            vs.                              APPROVAL OF CLASS ACTION
18                                           SETTLEMENT; MEMORANDUM OF
    CHILDTIME CHILDCARE, IN., an             POINTS AND AUTHORITIES IN
19  unknown business entity;                 SUPPORT THEREOF**
    LEARNING CARE GROUP, an
20  unknown business entity; and DOES        [Declarations of Proposed Class Counsel
    1 through 100, inclusive,                (Edwin Aiwazian and Douglas Han);
21                                           Declaration of Proposed Class
                    Defendants.              Representative (Karen Morgan); [Proposed]
22                                           Order filed concurrently herewith]

23                                           Date:          July 8, 2019
                                             Time:          10:00 a.m.
24                                           Courtroom:     10D

25                                           Complaint Filed:   August 17, 2017
                                             FAC Filed:         November 17, 2017
26                                           SAC Filed:         February 22, 2019
                                             Jury Trial Date:   None Set
27

28

*(left margin, vertical)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that on July 8, 2019, at 10:00 a.m., or as soon

3    thereafter as the matter may be heard before the Honorable Andrew J. Guilford in

4    Courtroom 10D of the United States District Court for the Central District of

5    California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse

6    located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Karen

7    Morgan ("Plaintiff") will and hereby does move for an order:

8       • Granting preliminary approval of the proposed class action settlement

9           described herein and as set forth in the parties' Stipulation of Class Action

10          and PAGA Settlement ("Settlement," "Agreement," or "Settlement

11          Agreement"), attached as **"EXHIBIT A"** to the Declaration of Edwin

12          Aiwazian in Support of Plaintiff's Motion for Preliminary Approval of

13          Class Action Settlement, including the means of allocation and distribution

14          of the Maximum Settlement Amount and the Net Settlement Amount, and

15          the allocations for Class Counsel Fees and Costs Award, Class

16          Representative Service Award, LWDA Payment, and Settlement

17          Administration Costs;

18      • Certifying the proposed Class for settlement purposes only;

19      • Preliminarily appointing Plaintiff Karen Morgan as Class Representative;

20      • Preliminarily appointing Edwin Aiwazian, Esq., Arby Aiwazian, Esq., and

21          Joanna Ghosh Esq., of the law firm Lawyers *for* Justice, PC and Douglas

22          Han, Esq. of the law firm Justice Law Corporation as Class Counsel;

23      • Approving the proposed Notice of Class Action Settlement ("Notice

24          Packet"), attached as "Exhibit A" to the [Proposed] Order Granting

25          Preliminary Approval of Class Action Settlement ("Proposed Order");

26      • Appointing Phoenix Class Action Administration Solutions ("Phoenix") as

27          the Settlement Administrator to handle the notice and administration

28          process for the Settlement;

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

- Directing Phoenix to mail the Notice Packet to the proposed Class;
- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and
- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to award Class Counsel Fees and Costs Award, Class Representative Service Award, and Settlement Administration Costs.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declarations of Proposed Class Counsel (Edwin Aiwazian and Douglas Han) and Proposed Class Representative (Karen Morgan) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: May 28, 2019                    **LAWYERS** *for* **JUSTICE, PC**

                                    By:    /s/ Edwin Aiwazian
                                           Edwin Aiwazian
                                           *Attorneys for* Plaintiff

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TABLE OF CONTENTS

I.     SUMMARY OF MOTION ........................................................................1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND....................2

III.   SUMMARY OF THE SETTLEMENT TERMS ....................................4

     A.   The Class for Settlement Purposes ...............................................4

     B.   Essential Terms of the Settlement ................................................4

     C.   Calculation of Individual Settlement Payments .......................5

     D.   Range of Estimated Individual Settlement Payments ...........6

     E.   Exclusion and Objection Procedures ...........................................6

     F.   Scope of the Release ........................................................................7

IV.    LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A

     CLASS ACTION SETTLEMENT .......................................................7

     A.   The Settlement Resulted from Arm's Length Negotiations and

          Extensive Investigation and Discovery ....................................9

     B.   The Settlement Is Fair, Reasonable, and Adequate ..............11

     C.   The Settlement Is Within the Range of Possible Approval .................13

         1.   *The allocation for Class Representative Service Award is*

             *reasonable.* ......................................................................13

         2.   *The allocation for Class Counsel Fees and Costs Award is*

             *reasonable.* ......................................................................14

VI.    CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE

     UNDER RULE 23 ...........................................................................17

     A.   Numerosity ......................................................................................17

     B.   Commonality ...................................................................................17

     C.   Typicality .........................................................................................18

     D.   Adequacy of Representation ........................................................18

     E.   Predominance and Superiority ....................................................19

VII.   ADEQUACY OF THE METHOD OF NOTICE ................................20

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VIII.  APPOINTMENT OF PHOENIX CLASS ACTION

ADMINISTRATION SOLUTIONS AS THE ADMINISTRATOR ..............22

X.     CONCLUSION ................................................................................23

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**United States Supreme Court Cases**

*Boeing v. Van Gemert*, 444 U.S. 472 (1980) ............................................................15

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338 (2011) .......................................................17

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974) ..............................................20

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................16

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ....................................20

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ......................................18, 19

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ..................................................17

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)....................................................17

*Chu v. Wells Fargo Invs., LLC*, 2011 WL 672645 (N.D. Cal. Feb. 16, 2011)...........23

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)..............................19

*Craft v. Cnty. of San Bernardino*, 624 F.Supp.2d 1123 (C.D. Cal. 2008) ................15

*Franco v. Ruiz Food Prods.*, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) .............23

*Garcia v. Gordon Trucking* 2012 WL 536475 (E.D. Cal. Oct. 31, 2012) .................23

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal.
   Apr. 29, 2011) .......................................................................................................9

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).....16

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000).........................13, 18

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ................16

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)..........13

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009)...........15

*Knisley v. Network Assocs.*, 312 F.3d 1123 (9th Cir. 2002)....................................15

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008).........................17

*Mendoza v. United States*, 623 F.2d 1338 (9th Cir. 1980) .......................................19

*///*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841
(E.D. Cal. Nov. 14, 2007) ........................................................................ 15

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996) .... 20

*Schiller v. David's Bridal, Inc.*, 2012 WL 2117001 (E.D. Cal. June 11, 2012).......... 23

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010) .... 15

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)..... 15

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 2003) .................................................. 13, 15

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) ................ 15

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)......................... 14, 15, 16

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) .............................................. 18

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ................... 15

**State Cases**

*Amaral v. Cintas Corp. No. 2,* 163 Cal.App.4th 1157 (2008)................................... 22

*Arias v. Superior Court,* 46 Cal.4th 969 (2009) ................................................... 22

*Nordstrom Commissions Case,* 186 Cal.App.4th 576 (2010) ................................. 23

*Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (2001)............................... 14

**State Statutes**

Cal. Lab. Code § 2699(e)(2) ................................................................................. 22

Cal. Lab. Code § 2699(i) ...................................................................................... 22

Cal. Lab. Code § 2699(a)...................................................................................... 21

Cal. Lab. Code § 2699(g) ..................................................................................... 21

**Rules**

Federal Rule of Civil Procedure  23(a)............................................................. 16, 17

Federal Rule of Civil Procedure  23(a)(1) ............................................................ 16

Federal Rule of Civil Procedure  23(a)(4) ............................................................ 18

Federal Rule of Civil Procedure  23(b)................................................................. 16

Federal Rule of Civil Procedure  23(b)(3) ............................................................ 18

Federal Rule of Civil Procedure  23(c)(2)............................................................. 20

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Federal Rule of Civil Procedure 23(c)(2)(B) ....................................................... 19, 20

Federal Rule of Civil Procedure 23(e) ..................................................................... 8

Federal Rule of Civil Procedure 23(h) ................................................................... 14

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ........................................................ 18

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF MOTION

Plaintiff Karen Morgan ("Plaintiff") respectfully requests that this Court grant preliminary approval of the Stipulation of Class Action and PAGA Settlement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of the proposed Class, and Defendants Childtime Childcare, Inc. and Learning Care Group, Inc. ("Defendants").  Subject to Court approval, Plaintiff and Defendants have agreed to settle this lawsuit for a Maximum Settlement Amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000)[1] , which is non-reversionary.

The parties reached the Settlement after engaging in formal and informal discovery, investigations, and arm's-length negotiations.  The Settlement resulted from a formal mediation conducted by Louis M. Marlin, Esq., a well-respected mediator who is experienced in wage-and-hour class actions.  The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law.  Additionally, the proposed Notice Packet[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Fees and Costs Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs; conditionally certify the proposed Class for settlement purposes; order the distribution of the Notice Packet to the Class; and set a Final Approval Hearing.

///

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Edwin Aiwazian in Support of Plaintiff's Motion For Class Action Settlement ("Aiwazian Decl.").  Settlement Agreement, ¶ I.Q.
[2] The Notice of Class Action Settlement (i.e., Notice Packet) is attached as "Exhibit 1" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, filed concurrently herewith.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendants are a child care provider that operate approximately thirty-one (31) locations in California.   On August 17, 2017, Plaintiff commenced this above-captioned lawsuit ("the Action") by filing the Class Action Complaint for Damages against Defendants in Orange County Superior Court, Case No. 30-2017-0093844-CU-OE-CXC.

On September 20, 2017, Defendants filed their Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1332(D) (Class Action Fairness Act) and removed the Action to the United States District Court for the Central District of California (the "Court"), Case No. 18:17-cv-1641-AG-KES.

On October 12, 2017, Plaintiff filed her Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion for Remand").   On October 23, 2017, Defendants filed an opposition to the Motion to Remand.

On October 27, 2017, Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").

On October 30, 2017, Plaintiff filed a reply in support of her Motion to Remand.  On November 10, 2017, the Court denied the Motion to Remand.

On November 17, 2017, Plaintiff filed the First Amended Class Action Complaint for Damages ("First Amended Complaint").

On November 21, 2017, the Court denied the Motion to Dismiss.

On December 15, 2017, Defendants filed their Answer to Plaintiff's First Amended Complaint.

On February 22, 2019, pursuant to the Court's order granting the parties' joint stipulation, Plaintiff filed the Second Amended Class Action Complaint for Damages and Enforcement under the Private Attorneys General Act, Cal. Labor Code § 2698 Et Seq. ("Second Amended Complaint" or "Complaint").   On March 14, 2019, Defendants filed their Answer to Second Amended Complaint.

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff's core allegations are that Defendants violated the California Labor Code and California Business and Professions Code by, *inter alia*, failing to properly pay minimum, reporting time, and overtime wages, failing to provide compliant meal and rest periods and associated premiums, failing to timely pay wages during employment and upon termination, failing to provide complaint wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiff contends that Defendants' conduct constitutes unfair business practices and gives rise to penalties under the Private Attorneys General Act, California Labor Code § 2698, *et seq.* ("PAGA"). Plaintiff further alleges that Defendants' failure to properly pay all compensation due, arises from, *inter alia*, Defendants' practices and policies which required Class Members to work before clocking in for their shifts and after clocking out of their shifts, Defendants' failure to pay reporting time pay, and Defendants' failure to include non-discretionary incentives and bonuses in the calculation of the regular rate of pay for purposes of calculating and paying overtime. As a result, Plaintiff contends that she and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendants deny any liability of any kind associated with the claims and allegations, and further deny that Plaintiff or the Class Members are entitled to any relief. Defendants also deny that the Action is appropriate for class or representative treatment for any purpose other than the Settlement. Defendants maintain, among other things, that they have complied with federal and California laws in all respects.

On June 20, 2018, the parties participated in a private mediation before Louis M. Marlin, Esq., a well-respected mediator experience in handling complex wage-and-hour matters. With the aid of the mediator's evaluations, the parties reached the Settlement to resolve the Action.

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## III.   SUMMARY OF THE SETTLEMENT TERMS

### A.   The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class (individually referred to as "Class Members") consisting of approximately one thousand six hundred thirty-one (1,631) individuals:

> All current and former hourly-paid or non-exempt employees who worked for Childtime Childcare, Inc. or Learning Care Group, Inc. within the State of California at any time during the period from August 17, 2013 to the date Preliminary Approval is granted of the Settlement.

As discussed in Section VI, *infra*, conditional class certification is appropriate with respect to the Settlement.

### B.   Essential Terms of the Settlement

Defendants will pay a Maximum Settlement Amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) on a non-reversionary basis. Settlement Agreement, ¶ I.Q.   The Net Settlement Amount means the amount remaining after deducting the following from the Maximum Settlement Amount: (1) attorneys' fees of up to Four Hundred Seventy-Five Thousand Dollars ($475,000) and reimbursement of litigation costs and expenses of up to Twenty Thousand Dollars ($20,000) to Class Counsel ("Class Counsel Fees and Costs Award"); (2) Class Representative Service Award of up to Ten Thousand Dollars ($10,000) to Plaintiff; (3) Seventy-Five Thousand Dollars ($75,000) to the LWDA for its share of the PAGA Payment[3] ("LWDA Payment"); (4) Settlement Administration Costs, which are currently estimated to be Six Thousand Five Hundred Dollars ($16,500); and (5) Employer Taxes.[4]   *Id.*, ¶¶ I.N., I.Q, I.R., I.V., III.M.3., III.M.4., III.M.5., & III.M.6.

---

[3] The "PAGA Payment" means the amount of One Hundred Thousand Dollars ($100,00) that is allocated from the Maximum Settlement Amount toward penalties under the PAGA. Settlement Agreement, ¶ III.M.5.

[4] The "Employer Taxes" is the employer payroll taxes, contributions, mandatory tax payments or other required employer withholdings, including but not limited to Defendants' FICA and FUTA contributions, in connection with the wage portion of Individual Settlement Payments. *Id.*, ¶ I.N.   The Settlement Administrator has estimated that the Employer Taxes will be approximately $31,162.15.

Assuming these payments are approved in full, the Net Settlement Amount that will be available to be distributed to Class Members who do not submit timely and valid Requests for Exclusion ("Settlement Class Members") is currently estimated to be at least Six Hundred Twenty Two Thousand Three Hundred Thirty-Seven Dollars and Eighty-Five Cents ($622,337.85).  *Ibid.*  The entire Net Settlement Amount will be distributed to Settlement Class Members based upon their Compensable Workweeks (defined *infra*), and no portion will revert to Defendant.  Settlement Agreement, ¶¶ III.M.2., III.M.3., III.M.4., III.M.5., & III.M.6.

### C.    Calculation of Individual Settlement Payments

The Settlement Administrator shall calculate each Settlement Class Member's share of the Net Settlement Amount ("Individual Settlement Payment") as follows:

a) The Settlement Administrator will determine the number of weeks during which each Class Member was employed by Defendants in the State of California during the time period from August 17, 2013 to the date Preliminary Approval of the Settlement is granted ("Class Period"), using the start and end dates of employment contained in the Class Data List, diving by seven (7), and rounding up ("Compensable Workweeks").  Settlement Agreement, ¶¶ I.F., I.I., & III.M.2.a.

b) The Settlement Administrator will determine each Settlement Class Member's "Payment Ratio" by dividing the respective Compensable Workweeks of each Settlement Class Member by the total Compensable Workweeks for all Settlement Class Members. *Id.*, ¶ III.M.2.a.

c) The Settlement Administrator will multiply the Net Settlement Amount by each Settlement Class Member's Payment Ratio to determine his or her estimated Individual Settlement Payment. *Ibid*.

Individual Settlement Payments will be allocated as thirty-three percent (33%) as wages and sixty-seven percent (67%) as penalties and interest.  *Id.*, ¶ III.M.2.b. The wage portion will be reported on an IRS Form W-2 and the portion allocated to penalties and interest will be reported on an IRS Form-1099.  *Ibid.*  The Individual Settlement Payments will be reduced by any required deductions for the employee-side taxes and withholdings with respect to the wage portion, and Employer Taxes will be paid from the Maximum Settlement Amount.  *Ibid*; *Id*., ¶ I.Q.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### D.    Range of Estimated Individual Settlement Payments

The Net Settlement Amount is currently estimated to be at least $622,337.85. Assuming a Net Settlement Amount of $622,337.85 and that no Class Members opt out of the Settlement, the estimated range of Individual Settlement Payments that individual Class Members could receive with, based on their respective number of Compensable Workweeks, is as follows:

- 6 months: [($622,337.85 ÷ 146,636 total workweeks) x 26 Compensable Workweeks] = $110.24
- 1 year: [($622,337.85 ÷ 146,636 total workweeks) x 52 Compensable Workweeks] = $220.48
- 2 years: [($622,337.85 ÷ 146,636 total workweeks) x 104 Compensable Workweeks] = $440.96
- 3 years: [($622,337.85 ÷ 146,636 total workweeks) x 156 Compensable Workweeks] = $349.44
- 4 years: [($622,337.85 ÷ 146,636 total workweeks) x 208 Compensable Workweeks] = $881.92

### E.    Request for Exclusion and Objection Procedures

Class Members who wish to be excluded from the Settlement must submit a written Opt Out Request.  Settlement Agreement, ¶¶ I.T. & III.L.7.  An Opt Out Request must be mailed to the Settlement Administrator within sixty (60) calendar days from the initial mailing of the Notice Packet ("Response Deadline") and must: (a) contain the case name and number of the Action; (b) the full name, address, and the last four (4) digits of the Social Security number and signature of the Class Member requesting to opt out; and (c) contain a statement indicating that he or she wishes to be excluded from the Settlement.  *Id.*, ¶¶ I.CC. & III.L.7.

Class Members who have not opted out of the Settlement (i.e., Settlement Class Members) may object to the Settlement by mailing a Notice of Objection to the Settlement Administrator no later than the Response Deadline.   The Notice of Objection must include: (a) the case name and number of the Action; (b) the full name, address, telephone number last four (4) digits of Social Security number, and signature of the Settlement Class Member; (c) a statement of the factual and legal basis for the objection; and (d) a statement of whether the Settlement Class Member

intends to appear at the Final Approval Hearing. *Id*., ¶ 27.

### F.   Scope of the Release

The Released Claims that are the subject of the Settlement are:

[A]ll claims and causes of action that were alleged in the Second Amended Complaint or reasonably could have been alleged based on the factual and legal allegations contained in the Second Amended Complaint, arising during the Class Period, including all of the following claims:   (a) failure to pay minimum wages, base rate wages, overtime wages, time-and-a half wages, and double time wages; (b) failure to pay reporting time wages, (c) failure to provide compliant meal breaks and pay proper meal break premiums, (d) failure to provide compliant rest periods and pay proper rest period premiums, (e) failure to provide accurate itemized wage statements, (f) failure to timely provide all wages owed at the end of employment, (g) failure to timely provide all wages owed during employment, (h) failure to reimburse business expenses, (i) unfair business practices, (j) civil penalties under the Private Attorneys General Act; (k) all other recoveries or penalties alleged in the Action; and (l) all damages, penalties, interest and other amounts recoverable under said claims under California and federal law, to the extent permissible, including but not limited to the California Labor Code (including, and not limited to, PAGA), the applicable Wage Orders, and the California Unfair Competition Law. *Id.*, ¶ I.AA.[5]

Upon the Effective Date[6], all Settlement Class Members will release all Released Claims.[7]

## IV.   LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

Class action settlements require court approval.   Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150

---

[5] See Settlement Agreement, ¶ 37, for the definition of "Released Parties."
[6] See *Id.*, ¶ 19, for the definition of the "Effective Date."
[7] Plaintiff has also provided a general release of all claims with a waiver of California Civil Code section 1542, on an individual basis. *Id.*, ¶ 71.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

2          A settlement should be approved if it is "fundamentally fair, adequate, and

3    reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class

4    action settlement, Courts engage in a two-step process: (1) preliminary approval of the

5    settlement; and (2) a later detailed review after notice is given to class members, to

6    determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v.*

7    *DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval

8    stage, courts must approve a class action settlement "if it appears to be the product of

9    serious, informed, non-collusive negotiations, has no obvious deficiencies, and does

10   not improperly grant preferential treatment to class representatives or segments of the

11   class, and falls within the range of possible approval." *In re Tableware Antitrust*

12   *Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

13         In evaluating the fairness of the class action settlement, courts should give

14   "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d

15   at 1027. Courts need only ensure that the settlement is not a product of "fraud or

16   overreaching by, or collusion between, the negotiating parties, and that the settlement,

17   taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

18   **V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

19         Preliminary approval is appropriate if the settlement is "potentially fair,"

20   *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no

21   "glaring deficiencies" that would make it clear that a final approval hearing is not

22   warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4,

23   2010). As discussed below, the Settlement resulted from hard-fought litigation and

24   extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be

25   preliminarily approved.

26   ///

27   ///

28   ///

**A.**      <u>**The Settlement Resulted from Arm's Length Negotiations and**</u>
<u>**Extensive Investigation and Discovery**</u>

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated the Action since it was commenced on August 17, 2017. Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with Plaintiff and multiple Class Members, and diligently investigated the allegations in the Action. Aiwazian Decl., ¶¶ 13-16. Class Counsel reviewed over ten thousand pages of documents and data produced by Defendants and obtained through other sources, including and not limited to, Plaintiff's and other putative class members' employment records (including, *inter alia*, detailed time keeping data and payroll data), as well as portions of Defendants' Learning Care Group Field Employee Handbook, various documents regarding Defendants' wage-and-hour policies (including, *inter alia*, Defendants' Expense Reimbursement Policy), various internal memoranda (such as, memorandum pertaining to wage and hour law, meal period agreements and waiver of rights, attendance policy, dress code, and scheduling), various forms (including, *inter alia*, Defendants' Meal/Lunch Period Waiver of Right form), various checklists (such as New Employee Orientation Checklist and Hourly Personnel File Checklist), and various acknowledgements (such as Rest Period Policy & Employee Acknowledgement of Receipt and Employee Handbook Acknowledgement of Receipt), among other information and documents. *Id.*, ¶ 13. Class Counsel propounded multiple formal written discovery requests and the parties exchanged information and documents formally and informally. *Id.*, ¶¶ 14-15. The parties also met and conferred on numerous occasions over issues relating to the pleadings,

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    jurisdiction, motion practice, and discovery. *Id.*, ¶ 15.

2        The parties reached the Settlement after reviewing all available evidence,

3    arm's-length bargaining, and participating in mediation conducted by Louis M.

4    Marlin, Esq., a well-respected mediator experienced in handling complex wage-and-

5    hour matters. *Id.*, ¶ 11. During the mediation, the parties exchanged information and

6    discussed various aspects of the case, including and not limited to, Plaintiff's claims,

7    the risks and delays of further litigation and of proceeding with certification and/or

8    representative adjudication, the law relating to off-the-clock theory, meal and rest

9    periods, wage-and-hour enforcement, and PAGA representative claims, the evidence

10   produced and analyzed, and the possibility of appeals, among other things. *Ibid.*

11       During all settlement discussions, the parties conducted their negotiations at

12   arm's length from an adversarial position. *Ibid.* Arriving at a settlement that was

13   acceptable to both parties was not easy. The data and documents produced and

14   obtained in this case enabled Class Counsel to prepare damages/valuation models in

15   preparation for the mediation, to determine the value and strength of the claims. *Id.*,

16   ¶¶ 26-76. With the aid of the mediator's evaluations, the parties agreed that this case

17   was well-suited for settlement given the legal issues relating to the claims, as well as

18   the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 10 & 23.

19   The Settlement takes into account the strengths and weaknesses of each side's

20   position and the uncertainty of how the case might have concluded at certification,

21   trial, and/or appeals. *Id., ¶¶* 9 & 23.

22       The Settlement is based on this large volume of facts, evidence, and

23   investigation, and the parties' negotiations during the mediation.[8] While the parties

24   disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class

---

25   [8] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no
26   evidence to suggest that the settlement was negotiated in haste or in the absence of
     information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P.
27   Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6
     (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to
28   support the conclusion that the settlement process was not collusive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest

2   of the Class, in light of all known facts and circumstances.  *Id.*, ¶¶ 11, 23, & 78.

3         **B.      The Settlement Is Fair, Reasonable, and Adequate**

4         The Maximum Settlement Amount of One Million Two Hundred Fifty Dollars

5   ($1,250,000) represents a fair, reasonable, and adequate resolution of this lawsuit.

6   Under the Settlement, the entire Net Settlement Amount will be distributed to

7   Settlement Class Members and is currently estimated to be at least $622,337.85.  The

8   amount of the Settlement is reasonable considering the risks relating to obtaining and

9   maintaining certification, demonstrating liability, and the ability to recover monetary

10  relief on a class-wide or representative basis.  *Id.*, ¶¶ 11, 23, 31, 36, 44, 52, 76, & 77-

11  78.  The Settlement guarantees a certain monetary recovery to Settlement Class

12  Members in a reasonably short period of time, as opposed to waiting additional years

13  for a recovery, or possibly, no recovery.

14        The Settlement was calculated using data and information obtained through

15  case investigation, Defendants' removal papers, and formal and informal exchange of

16  information in advance of and/or in the context of mediation and settlement

17  negotiations.  *Id.*, ¶ 23.  Prior to the mediation, Class Counsel conducted extensive

18  investigation into the claims.  *Id.*, ¶¶ 10, 13, 16, & 23.  The data and information

19  obtained enabled Class Counsel to calculate the value of the claims and the monetary

20  recovery that could potentially be awarded to the Class, and permitted a complete

21  understanding of Defendants' employment policies, practices, and procedures.  *Id.*, ¶¶

22  14, 23, 25, & 26-76.  This information proved invaluable in negotiating a settlement

23  amount that fairly compensates the Class Members.  *Id.,* ¶ 78.

24        The parties have also considered the potential risks and rewards inherent in any

25  case and, in particular, with this case.  *Id.*, ¶¶ 11 & 23.  Prior to the mediation, Class

26  Counsel performed extensive damages and valuation analysis based on class data and

27  a sampling of time and pay data provided by Defendants.  *Id.*, ¶¶ 13-14.  During the

28  mediation, Defendants contended, among other things, that their policies and practices

11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

fully complied with California law. *Id.*, ¶¶ 29, 34, 39, & 69. Defendants argued that individual issues would predominate because their hourly-paid and non-exempt employees worked in different positions, during different periods of time, at different locations, and were subject to various employment policies, practices, and procedures, and the reasons why a Class Member failed to receive a meal or rest break or worked off-the-clock would also raise individual issues that cannot be certified. *Id.*, ¶¶ 34, 39, & 59.

Plaintiff faces numerous risks in continued litigation, including and not limited to, the risk of receiving no recovery if a class is not certified and/or if no liability is found, and the risk of the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. *Id.*, ¶¶ 11, 31, 36, 44, 52, & 76-78. Plaintiff and Class Members also face the real possibility that the amount recovered against Defendants after years of litigation and a lengthy and costly trial is less than the amount negotiated in this Settlement. *Ibid.*

Additionally, the Settlement is fair because it treats Class Members equally. Individual Settlement Payments will be calculated on a *pro rata* basis, based upon the number of each Class Member's Compensable Workweeks. Settlement Agreement, ¶ III.M.2.a.

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the final approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class. Aiwazian Decl., ¶¶ 11, 23, & 78.

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## C.   The Settlement Is Within the Range of Approval

The Maximum Settlement Amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) provides substantial monetary recovery to the Class Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiff request approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

> 1.   *The allocation for Class Representative Service Award is reasonable.*

Subject to Court approval, Plaintiff will receive a Class Representative Enhancement Payment of Ten Thousand Dollars ($10,000). Settlement Agreement, ¶ III.M.3.   The Class Representative Service Award will be paid in addition to Plaintiff's Individual Settlement Payment.  *Ibid.*

The trial court has discretion to award incentives to the class representatives.[9] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

---

[9] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have applied the five-factor test set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995):  (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Here, the contemplated Class Representative Service Award is fair and

2 appropriate and is well within the range of incentive payments awarded by district

3 courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8

4 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014 WL

5 954516, at *8 (approving an $8,000 incentive award).

6    Moreover, Plaintiff spent considerable time and effort to produce relevant

7 documents and past employment records and provide the facts and evidence necessary

8 to attempt to support the allegations.  Aiwazian Decl., ¶ 22; Declaration of Karen

9 Morgan in Support of Plaintiff's Motion for Preliminary Approval of Class Action

10 Settlement ("Morgan Decl."), ¶¶ 3-5.  Plaintiff was available whenever her counsel

11 needed her and tried to obtain documents and information that would benefit the

12 Class.   *Ibid.*   Accordingly, it is appropriate and just for Plaintiff to receive a

13 reasonable service payment for her services on behalf of the Class.

14              2.    *The allocations for Class Counsel Fees and Costs Award are*

15                    *reasonable.*

16    Class Counsel meet the requirements under Federal Rule of Civil Procedure

17 23(g).  Class Counsel conducted extensive research, investigation, and analysis of the

18 potential value of the claims.  Aiwazian Decl., ¶¶ 23-78.  Additionally, Class Counsel

19 are highly experienced in wage-and-hour litigation and class action cases. *Id.*, ¶¶ 4-6

20 & 7(a)-7(t); Declaration of Douglas Han In Support Of Plaintiff's Motion for

21 Preliminary Approval ("Han Decl."), ¶¶ 9-14.  Class Counsel have committed and

22 continue to commit significant financial and staffing resources to the representation of

23 the Class.  Aiwazian Decl., ¶ 21; Han Decl., ¶ 8.  As such, appointment of Edwin

24 Aiwazian, Esq., Arby Aiwazian, Esq., and Joanna Ghosh, Esq., of Lawyers *for*

25 Justice, PC and Douglas Han, Esq. of the Justice Law Corporation as Class Counsel is

26 appropriate.

27 ///

28 ///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    The Settlement establishes a Maximum Settlement Amount of One Million

2    Two Hundred Fifty Thousand Dollars ($1,250,000) and provides for Class Counsel to

3    apply for attorneys' fees in an amount of up to thirty-eight percent (38%) of the

4    Maximum Settlement Amount.   Settlement Agreement, ¶ 12.   Class Counsel will

5    bring an appropriate motion in advance of the Final Approval Hearing, pursuant to

6    Rule 23(h), and submit supporting evidence and documents in connection with the

7    contemplated request for the Class Counsel Fees and Costs Award.

8    Under California and Ninth Circuit precedent, a court has discretion to

9    determine attorneys' fees using the lodestar method or the percentage-of-the-fund

10   method, or a combination of the two methods.[10]   District courts may adjust the

11   twenty-five percent (25%) benchmark (observed by the Ninth Circuit) upward or

12   downward if "the percentage recovery would be either too small or large in light of

13   the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v.*

14   *Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968;

15   *Vizcaino*, 290 F.3d at 1048.   Courts evaluate fee award requests pursuant to class

16   action settlements on a case-by-case basis, looking at the context of the settlement,

17   and an award above the twenty-five percent (25%) benchmark may be warranted.[11]

18   In California, attorneys' fees tend to be awarded above the twenty-five percent (25%)

19   federal benchmark.   *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of

20

21   [10] It is appropriate to calculate and award attorneys' fees as a percentage of a
22   monetary funds that has, by litigation, been preserved or recovered for the benefit
     of others. *Laffitte v. Robert Half Int'l, Inc.,* 1 Cal.5th 480, 486 & 506 (2016);
23   *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v.*
     *Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab.*
24   *Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the
     amount of total recovery, as opposed to the total amount of claims made, and is well
25   established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S.
     472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe*
26   *Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy*
     *Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).
27   [11] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d
     at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2,
28   2009).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

30-50% are more typical where the fund is less than $10 million); *Craft v. City. of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[12]

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over one year and a half, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Aiwazian Decl., ¶ 9. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel have achieved an excellent result on behalf of the Class.

---

[12] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the settlement and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Class Counsel Fees and Costs Award provided for by the Settlement are reasonable and should ultimately be awarded at the final approval stage. *See Vizcaino*, 290 F.3d at 1051.

## VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A.   Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately one thousand six hundred thirty-one (1,631) individuals. Aiwazian Decl., ¶ 25. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.   Commonality

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[13]

---

[13] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Commonality has been found to exists when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergence in the way in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[14]  Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Class Period. *See* e.g., Aiwazian Decl., ¶¶ 23, 26, 32, & 37. Accordingly, the commonality requirement is satisfied for settlement purposes.

## C.   Typicality

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical."  *Id.* at 869.  Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

## D.   Adequacy of Representation

Rule 23(a)(4) requires that: (1) class representatives fairly and adequately protect the interests of the class, and (2) class counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir.

---

[14] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)."[15]  The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiff's interests align with those of other Class Members, as they were all employed by Defendants within the State of California.  Morgan Decl., ¶ 2.  Plaintiff's claims are typical of those of Class Members, which are confined to a limited group of similarly-situated employees who worked for Defendants during the Class Period. Class Counsel are highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed class counsel in many other cases.  Aiwazian Decl., ¶¶ 4-7;  Han Decl., ¶ 4.  Plaintiff contends that Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement.

### E.   Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

///

///

---

[15] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Here, the proposed Class is sufficiently cohesive to warrant certification. For

2  settlement purposes, common questions of fact and law affecting Class Members

3  predominate over any questions that may affect only individual members.

4  For example, Defendants' alleged failure to properly pay their employees for all hours

5  they worked and/or reported to work and failure to provide compliant meal and rest

6  periods are alleged to arise from Defendants' uniform policies, practices, and

7  procedures.   As such, the questions of fact and law relating to these issues

8  predominate.

9    Moreover, a class resolution is superior to other available means for the fair and

10  efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023.

11  The superiority requirement involves a "comparative evaluation of alternative

12  mechanism of dispute resolution." *Id.*   Here, the alternative method of resolution is

13  individual claims, subject to proof, for relatively small amounts of damages, which

14  would be uneconomical for potential plaintiffs. *Id.*   Therefore, a class resolution is

15  superior to any other available methods.

16  ## VII.   ADEQUACY OF THE METHOD OF NOTICE

17    "Adequate notice is critical to court approval of a class settlement under Rule

18  23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is

19  practicable under the circumstances, including individual notice to all members who

20  can be identified through reasonable effort."   Fed. R. Civ. P. 23(c)(2)(B). A class

21  notice is adequate if it "generally describes the terms of the settlement in sufficient

22  detail to alert those with adverse viewpoints to investigate and to come forward and be

23  heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The

24  notice must also be "neutral and objective in tone and should neither promote nor

25  discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*,

26  169 F.R.D. 124, 131 (S.D. Cal. 1996).

27  ///

28  ///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

<strong>LAWYERS <em>for</em> JUSTICE, PC</strong><br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203

Here, the proposed Notice Packet provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the lawsuit, the definition of the Class, the terms of the Settlement, the scope of the Released Claims, the binding effect of the Settlement, and the allocations for Class Counsel Fees and Costs Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs. Each Class Member's Notice Packet will state his or her number of Compensable Workweeks and estimated Individual Settlement Payment. The Notice Packet summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

The Notice Packet also fulfills the requirement of neutrality in class notices. The Notice Packet provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[16] It sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Opt Out Requests, Notices of Objections, and Workweeks Disputes. The proposed Notice Packet satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality.

All Class Members can and will be identified by Defendants through a review of their business records. After receiving the Class Data from Defendants, the Settlement Administrator will mail a Notice Packet to each Class Member. Settlement Agreement, ¶ III.L.3.[17] Accordingly, the proposed Notice Packet is adequate and is the best notice practicable under Rule 23(c)(2)(B), and should be approved.

---

[16] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

[17] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**VIII.   APPOINTMENT OF PHOENIX CLASS ACTION SETTLEMENT ADMINISTRATION SOLUTIONS AS THE ADMINISTRATOR**

The parties have selected Phoenix Class Action Administration Solutions ("Phoenix") as the Settlement Administrator to handle the notice and administration of the Settlement.  Phoenix will mail a Notice Packet to each Class Member; receive, review, and process Opt Out Requests, Notices of Objection, and Workweeks Disputes; calculate estimated Individual Settlement Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. Settlement Agreement, ¶ III.K.  Phoenix will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

Settlement Administration Costs are currently estimated to be Sixteen Thousand Five Hundred Dollars ($16,500) and will be paid out of the Maximum Settlement Amount subject to approval by the Court. Plaintiff respectfully requests that the Court appoint Phoenix as the Settlement Administrator and direct distribution of the Notice Packet in the manner and in accordance with the proposed scheduled, set forth in the Settlement Agreement and discussed in Section IX, *infra*.

**IX.   DEADLINES FOR NOTICE AND ADMINISTRATION**

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Within twenty (20) calendar days following preliminary approval of the Settlement, Defendants will provide Phoenix with a list of the Class Members' pertinent information for notice and settlement administration ("Class Data").  Settlement Agreement, ¶¶ I.D. & III.L.1.  Within ten (10) business days of receipt of the Class Data, Phoenix will send a Notice Packet to each Class Member.  *Id.*, ¶ III.L.3.  Prior to mailing the Notice Packets, Phoenix shall attempt to locate Class Members' updated addresses by a search of the National Change of Address Database.  *Ibid.*  If a Notice Packet is returned as undeliverable, Phoenix will promptly re-mail it to a forwarding address, if provided, or to an updated

1    address obtained from a skip-trace search.  *Ibid.*

2        Opt Out Requests, Notices of Objection, and Workweeks Disputes must be

3    mailed to Phoenix, postmarked by the applicable Response Deadline.  *Id.*, ¶ 39.

4        All settlement checks issued to Class Members will remain valid and

5    negotiable for one hundred eighty (180) calendar days from the date of their issuance.

6    *Id.*, ¶ III.M.2.d.  If a Settlement Class Member does not cash or deposit his or her

7    settlement check within ninety (90) calendar days the Settlement Administrator will

8    send a letter to such persons, advising them of the check's expiration date and invite

9    them to request reissuance of the check if necessary.  *Ibid.*  Thereafter, the funds

10   associated with any checks that remain uncashed or are returned as undeliverable, if

11   any, will be distributed to the Controller of the State of California to be held pursuant

12   to the Unclaimed Property Law, California Civil Code Section 1500, *et seq.*, in the

13   names and respective Individual Settlement Payment amounts associated with the

14   cancelled Individual Settlement Payment checks.  *Ibid.*

15   ## X.    CONCLUSION

16       For the foregoing reasons, Plaintiff respectfully requests that the Court grant

17   preliminary approval of the Settlement; certify the proposed Class for settlement

18   purposes; appoint Edwin Aiwazian, Esq., Arby Aiwazian, Esq., and Joanna Ghosh of

19   Lawyers *for* Justice, PC and Douglas Han of the Justice Law Corporation as Class

20   Counsel; preliminarily approve the allocations for Class Counsel Fees and Costs

21   Award, Class Representative Service Award, PAGA Payment, and Settlement

22   Administration Costs; appoint Plaintiff as Class Representative; appoint Phoenix

23   Class Action Administration Solutions as Settlement Administrator; approve and

24   direct the mailing of the Notice Packet to the Class; and schedule a Final Approval

25   Hearing in approximately mid-December 2019.

26   Dated:  May 28, 2018                **LAWYERS *for* JUSTICE, PC**

27

28                          By:   /s/ Edwin Aiwazian
                                Edwin Aiwazian
                                *Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**