UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER GRANTING FINAL SETTLEMENT APPROVAL AND FEES, COSTS, AND OTHER AWARDS (DKT. NOS. 51, 52)**

Note the disposition at Section 5.

Plaintiff Karen Morgan, on behalf of herself and all others similarly situated, sued Defendants Childtime Childcare, Inc. and Learning Care Group, asserting various state wage and hour violations. (Second Am. Class Action Compl. ("SAC"), Dkt. No. 42.) The parties have reached a settlement, and Plaintiff now moves for final settlement approval and for fees, costs, and other funds. (Mot. for Settlement Approval, Dkt. No. 51; Mot. for Fees, Dkt. No. 52.) Defendants don't oppose either motion.

The Court GRANTS Plaintiff's motion for final settlement approval. (Dkt. No. 51.) The Court GRANTS IN PART Plaintiff's motion for fees. (Dkt. No. 52.)

**1.    BRIEF BACKGROUND**

Few facts have changed since the Court preliminarily approved the parties' settlement. (*See* Order Granting Preliminary Approval, Dkt. No. 50.) Phoenix Settlement Administrators ("Phoenix"), the parties' settlement administrator, was able to deliver the court-approved notice materials to 2,205 class members—only thirty-three notices remain undeliverable. (Decl. of Melissa Meade on behalf of Settlement Administrator ("Meade Decl."), Dkt. No. 51-2 at ¶¶ 5-7.) Phoenix hasn't received any objections to the settlement and has only received three opt-out requests. (*Id.* at ¶¶ 9-10.)

This settlement provides for a total settlement amount of 1.25 million. Because of a reduction of the litigation costs (decreasing from $20,000 to $11,323.24), the total net settlement amount to be distributed to all the class members becomes slightly greater than initially expected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

(increasing from $622,337.85 to $631,014.61). (Mot. for Fees at 4, 20.) Plaintiff requests an attorney fee award of $475,000, equivalent to 38% of the total settlement amount. (*Id.* at 1.) The distribution of the total settlement amount is as follows.

| | Amount | Payee |
|---|---|---|
| Net Settlement Amount | $631,014.61 | Class Members |
| Attorney Fees | $475,000 | Class Counsel |
| Litigation Costs | $11,323.24 | Class Counsel |
| Class Representative Service Award | $10,000 | Class Representative |
| Settlement Administrator Costs | $16,500 | Settlement Administrator |
| PAGA Penalties (LWDA Portion) | $75,000 | Labor and Workforce Development Agency |
| Employer Taxes | $31,162.15 | / |
| *Total Settlement Amount* | *$1,250,000.00* | |

Importantly, the parties agree that Plaintiff's award of attorney fees is subject to this Court's approval and shall not exceed $475,000. (Ex. A, Stipulation of Class Action and PAGA Settlement, Dkt. No. 48-1 at 20.) Further, any portion of the requested attorney fees that isn't awarded to Plaintiff's counsel is distributed to class members. (*Id.*) The settlement also states that this Court reserves jurisdiction over "the interpretation, implementation and enforcement of the terms of [the Settlement] Agreement." (*Id.* at 24.)

2.      **FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court first considers Plaintiff's motion for final approval, finding that final settlement approval is warranted here.

　　2.1     **Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

A court can approve a class action settlement that binds class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit Court of Appeals has listed several factors that courts must balance to decide whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). These factors include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; (8) the reaction of the class members to the proposed settlement; (9) whether the settlement was the product of collusion among the negotiating parties; and (10) notice to the class. *See id.* at 575-76. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

The Court isn't required to rely on every factor in every case. Under some circumstances, the presence of a single factor may provide sufficient grounds for court approval. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). At any rate, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Hanlon*, 150 F.3d at 1026. And ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC*, 361 F.3d at 576.

2.2   Analysis

Here, the relevant *Churchill* factors weigh in favor of final approval of the settlement. First, the Court is satisfied that the settlement is based on a sufficient understanding of what's at stake in this case. Plaintiff's counsel conducted "a thorough investigation into the facts of the case" that encompassed interviewing Plaintiff and several other class members and "review[ing] over 10,000 pages of documents and data." (Mot. for Settlement Approval at 9-10; *see also* Decl. of Edwin Aiwazian ("Aiwazian Decl."), Dkt. No. 52-3 at ¶ 6.) The parties also met and conferred on many occasions regarding issues about the pleadings, jurisdiction, motion practice, and discovery. (*Id.*) Based on a sufficient understanding of this case, the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

engaged in extensive settlement negotiations. (Aiwazian Decl. at ¶ 8.) These efforts included participating in a formal, full-day mediation conducted by an experienced mediator. (*Id.*) The Court thus finds the parties reached the settlement after significant arms-length negotiations with a third-party mediator. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (explaining that courts in the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution").

Next, the Court finds the risk, expense, complexity, and likely duration of continued litigation were substantial here. Absent settlement, Plaintiff would have faced Defendants' vigorous challenge of class certification, manageability of representative adjudication, and liability issues. (Mot. for Settlement Approval at 12.) An early settlement helps to save significant legal costs when the parties were heading toward the phase of the litigation where they would have to conduct additional discovery—including taking multiple depositions of Defendants' employees, expert witnesses, and percipient witnesses. (*Id.* at 13.) And these savings likely result in a greater settlement amount available to the class members. (*Id.*) Given all this, it makes sense that Plaintiff's counsel, as experienced litigators, properly concluded that the benefits of settlement outweigh the risks of continued litigation.

Further, this settlement provides a meaningful relief to class members. More than 2,000 class members will be paid based on the number of workweeks credited to each of them. The highest payment to a class member is about $955.37, with the average at $278.45. (*Id.* at 14.) $75,000 would also be distributed as proper civil penalties to the Labor and Workforce Development Agency. (*Id.*)

Finally, the Court considers the class members' reaction to the settlement. Since notice was sent, Phoenix hasn't received any objection from the class members. (Mead Decl. at ¶ 10.) Only three class members submitted their opt-out requests. (*Id.* at ¶ 9.) Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus finds the settlement is fair, reasonable, and adequate. *See Churchill Vill.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming final approval where "only 45" of the approximately 90,000 notified class members objected and 500 opted out).

The Court GRANTS final approval of the class settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

### 3. ATTORNEY FEES

#### 3.1 Legal Standard

"In a certified class action, the court may award reasonable attorney fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). But this "discretion must be exercised so as to achieve a reasonable result." *Id.* Courts generally first calculate a fee award using the percentage method, and then use the lodestar method as a "check" on that amount. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Courts can, "[a]s a final check on the reasonableness of the requested fees, . . . compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007).

In assessing a request for attorney fees, courts consider several factors. These factors include: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the ; (5) awards made in similar cases; and (6) a comparison of the percentage and lodestar methods. *See Vizcaino*, 290 F.3d at 1048-50; *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1046.

#### 3.2 Analysis

Plaintiff seeks an award of $475,000 in attorney fees. But the Court finds a reduced fee award of $415,000 appropriate.

The Court begins by considering the results achieved by the settlement, since "the most critical factor" in assessing a request for fees "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Here, the total settlement fund provides meaningful relief to class members that's narrowly tailored to address their varying harms. To reach this settlement, Plaintiff's counsel have engaged in premediation investigation, presented the merits of their claims at mediation, and negotiated the exact terms of the settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

agreement. Further, as discussed above, settlement eliminates the risks of continued litigation. Had the parties not settle, Plaintiff would've faced a vigorously contested class certification motion.

While applauding Plaintiff's effective legal representation, the Court has concerns about Plaintiff's 38% attorney fees request. The Court has expressed this concern before, stating, "It's possible that the proposed attorney fee award of 38% of the common fund is reasonable" but "a 38% award for attorney fees is on the higher end of what California courts tend to award in wage and hour class actions like this one." (Order Granting Mot. for Prelim. Approval of Class Action Settlement, Dkt. No. 50.) Plaintiff argues a 38% award is warranted because it "is equivalent of the standard market fee and [it] is consistent with the agreement between Plaintiff and her counsel." (Mot. for Fees at 10.)

The Court disagrees. In the Ninth Circuit, 25% of the common fund is the "benchmark" award for attorney fees. *Staton*, 327 F.3d at 968. It's true that district courts may adjust the benchmark "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). But the Court finds the amount of work Plaintiff's counsel have performed doesn't warrant an upward adjustment to 38%. This case is still at the early stage of litigation. For example, the parties haven't engaged in substantive motion practice. And no depositions have been taken. Given all this, the Court awards Plaintiff $415,000 in attorney fees, which represents just under 33.3% of the total settlement amount. *See Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney fee award of 33% of a $14,800,000 cash settlement); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (awarding 33.3% of the net settlement amount); *Singer v. Becton Dickinson and Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (same).

This Court's conclusion is consistent with a holistic approach to fees, and an understanding of what "rough justice" requires in this case. *See Fox v. Vice*, 563 U.S. 826, 838 (2011). In *Fox*, Justice Elena Kagan wrote, "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Id.* (quoting *Hensley*, 461 U.S. at 437). Former Supreme Court Justice Sandra Day O'Connor, sitting by designation, echoed this view stating that "[t]he net result of fee-setting jurisprudence . . . is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision." *Arbor Hill Concerned Citizens*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01641 AG (KESx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | KAREN MORGAN ET AL. v. CHILDTIME CHILDCARE, INC. ET AL | | |

*Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 189 (2d Cir. 2007) (O'Connor, J., sitting by designation, joining in the opinion) (citation omitted). This perhaps reflects the "growing trend that District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015), *appeal dismissed* (Feb. 18, 2016).

In sum, the Court finds that class counsel is entitled to a reasonable attorney fee award of $415,000. The Court thus GRANTS IN PART Plaintiff's motion for attorney fees.

**4.    OTHER FUNDS**

Plaintiff also seeks $16,500 in settlement administrator costs, $11,323.24 in litigation costs, and $10,000 in class representative service award. The Court previously approved these amounts (including a higher amount for the litigation costs) at the preliminary approval stage. The Court affirms that conclusion here. The requested costs are fair and reasonable considering the nature and complexity of this case, as well as the expenses incurred prosecuting and settling this matter.

The Court APPROVES the requested costs and awards.

**5.    DISPOSITION**

The Court GRANTS Plaintiff's motion for final settlement approval. (Dkt. No. 51.) The Court GRANTS IN PART Plaintiff's motion for fees. (Dkt. No. 52.)

Plaintiff is ordered to submit a *SIMPLE REVISED PROPOSED JUDGMENT* dismissing this case. No further order is necessary.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | mku |  |